Evan S. Schwartz
Maria Campese
Scott M. Harrigan
Schwartz Conroy & Hack P.C.
666 Old Country Road - Ninth Floor
Garden City, New York 11530

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| PAUL DURYEA, | : | Case No.: _____ |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| | : | |
| - against - | : | |
| | : | |
| METROPOLITAN LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

---

Plaintiff, PAUL DURYEA, by and through his attorneys, SCHWARTZ, CONROY & HACK, PC, as and for his Complaint against Defendant METROPOLITAN LIFE INSURANCE COMPANY hereby sets forth the following:

### THE PARTIES

1. Plaintiff Paul Duryea (hereinafter "Plaintiff"), is a resident and a citizen of the State of New York, County of Nassau.

1

2. Defendant Metropolitan Life Insurance Company (hereinafter "MetLife") offers group short term and long term disability policies to employers such as Plaintiff's employer, Verizon.

3. Upon information and belief and at all times hereinafter mentioned, Defendant MetLife is a corporation organized and existing under the laws of the State of New York with its principal place of business at 200 Park Avenue, New York, New York.

## JURISDICTION AND VENUE

4. Jurisdiction is founded on 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the claims herein arise under the Employee Retirement Income Security Act of 1974 [29 U.S.C. §1001 *et seq*.] and the regulations promulgated thereunder.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b)(1) and (c) and 29 U.S.C. 1132(e)(2) because Defendant resides in this judicial district, is subject to personal jurisdiction in this judicial district, and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

## FACTS

6. At all times hereinafter mentioned, Plaintiff was an employee of Verizon.

7. On or before April 22, 2017, Defendant issued a Group Short and Long Term Disability policy to Verizon (hereinafter the "Policy").

8. At all times hereinafter mentioned, said Policy was issued for the benefit of certain eligible Verizon employees in exchange for the payment of premiums.

9. At all times mentioned herein, Plaintiff was eligible for disability benefits and is a beneficiary under the Policy issued by Defendant.

10. The Policy provides, *inter alia*, that short term disability insurance payments ("STD") will be made to Plaintiff in the event that he becomes totally disabled from an injury, illness or pregnancy.

11. The Policy further provides that long term disability insurance benefits ("LTD") are payable when STD benefits end.

12. On or before April 22, 2017, during the period within which the Policy was in full force and effect, and while Plaintiff was an eligible beneficiary, Plaintiff became disabled within the meaning and pursuant to the terms of the Policy in that he was unable to earn more than 80% of his annual benefits compensation from any employer at his own occupation.

13. As of this date, Plaintiff continues to be disabled pursuant to the Policy's terms.

14. Plaintiff filed a claim, cooperated with Defendant, provided proper proof of loss, and otherwise complied with the Policy terms and conditions regarding the filing of a claim.

15. MetLife denied Plaintiff's claim for short-term disability benefits on May 11, 2017.

**THE ADMINISTRATIVE APPEALS PROCESS**

16. Thereafter, Plaintiff timely submitted his administrative appeal of MetLife's initial adverse short-term disability benefit determination and in support of his claim for total disability benefits on January 2, 2018.

17. Plaintiff's administrative appeal of Defendant's initial adverse benefit determination was received by Defendant's third-party administrator on January 5, 2018.

18. By correspondence dated February 18, 2019 – 774 days after their receipt of the appeal - Defendant, through the third-party administrator, advised Plaintiff the adverse benefit determination was upheld on appeal.

19. The Department of Labor regulation established to protect procedural fairness in ERISA claims such as Plaintiff's was enabled under Section 409 of ERISA [ 29 U.S.C. §1133], and is codified at 29 C.F.R. § 2560.503-1 (hereinafter, the "Regulation").

20. The Regulation requires that a Plan Administrator, such as Defendant, provide a claimant with the plan's benefit determination on claimant's administrative appeal within a reasonable period of time, but not later than 45 days after receipt of the claimant's request for review by the plan.     29 C.F.R. § 2560.503-1 i(1) and (i)(3)(I).

21. Paragraph (l) of the Regulation provides that if an employee welfare benefit plan, such as Plaintiff's, fails to follow claims procedures consistent with the Regulation, it will, by operation of law, have "fail[ed] to provide a reasonable claims procedure that would yield a decision on the merits of the claim, " and a claimant, such as Plaintiff, "[s]hall be deemed to have exhausted the administrative remedies available under

4

the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act." 29 C.F.R. 2560.503-1(l).

22. The Second Circuit holds that the substantial compliance doctrine is "flatly inconsistent" with the claim-procedure regulation and that a plan administrator "must strictly adhere to the regulation to obtain the more deferential arbitrary and capricious standard of review" Halo v. Yale Health Plan, 819 F.3d 42, 45 (2d Cir. 2016). See also Salisbury v. Prudential Insurance Company of America, 15-CV-9799(AJN), 2017 WL 780817 (S.D.N.Y. Feb. 28, 2017) wherein Judge Alison Nathan on facts substantially identical to those herein found that Prudential's written notice did not identify any usual difficulties associated with the Plaintiff's claim. Judge Nathan cited the Department of Labor: "the time periods for decisionmaking are generally maximum periods, not automatic entitlements." *See* ERISA Rules and Regulations for Administration and Enforcement; Claims Procedures, 65 Fed. Reg. 70,246, 70,250, 2000WL 1723740 (Nov. 21, 2000).

23. Seven hundred seventy four days elapsed from the time the Defendant's third-party administrator received the appeal to the date of the decision. By operation of law, Plaintiff is deemed to have exhausted his administrative remedies and is entitled to pursue this action.

## COUNT ONE

### (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

24. Plaintiff repeats and realleges Paragraphs "1"-"23" above, as though fully set-forth herein.

25. Under the terms the Policy, Defendant is obligated to make periodic monthly benefits to Plaintiff so long as he remains disabled under the terms of the policy.

26. Despite Plaintiff's disability, Defendant refused and continues to refuse to pay total benefits pursuant to the Policy, although payment thereof has been duly demanded.

27. Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

28. Monthly benefits to Plaintiff continue to be due and payable by Defendant with the passage of each month.

29. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and said conflict improperly influenced its adverse benefit determinations.

**WHEREFORE,** Plaintiff requests declaratory and monetary judgment against the Defendant pursuant to ERISA §502(a)(1)(B) as follows:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject Policy of insurance issued by Defendant;

b) Defendant must pay all benefits in arrears due and owing since the date the Plaintiff's disability began, plus interest; and

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains totally disabled, subject to the terms of and the applicable benefit period contained in the Policy.

   d) Plaintiff is entitled to award of attorney's fees and costs and disbursements; and

   e) Such other relief as the Court deems just and equitable.


Dated: Garden City, New York
   June 13, 2019


          By: */s/Evan S. Schwartz*
            Maria Campese
            Scott M. Harrigan
            SCHWARTZ, CONROY & HACK, PC
            Attorneys for Plaintiff
            666 Old Country Road - Ninth Floor
            Garden City, New York 11530
            (516) 745-1122